1 | CDF LABOR LAW LLP
      Dan M. Forman, State Bar No. 155811
2 |    dforman@cdflaborlaw.com
      Wanja S. Guy, State Bar No. 275734
3 |    wguy@cdflaborlaw.com
   707 Wilshire Boulevard, Suite 5150
4 | Los Angeles, CA 90017
   Telephone:  (213) 612-6300
5 |
   Attorneys for Defendant
6 | GRUMA CORPORATION

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | YESICA BECERRA ZAMORA, an individual and on behalf of all others similarly situated,

12 | Plaintiff,

13 | vs.

14 | GRUMA CORPORATION., a Nevada corporation; ESTEPHANIE PERALES, an

15 | individual; and DOES 1 through 100, inclusive,

16 | Defendants.

17

18

Case No.

(Removed from Alameda County Superior Court, Case No. 23CV039868)

**DEFENDANT GRUMA CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441**

Filed concurrently herewith
- Civil Cover Sheet;
- Certificate of Conflicts and Interested Entities or Persons;
- Declaration of Horacio Gaitan

Action Filed:   August 2, 2023

CDF Labor Law LLP

2280357.1

1

## **<u>TABLE OF CONTENTS</u>**

2

<div align="right">**<u>Page</u>**</div>

3    I.      BACKGROUND ................................................................................................... 6

4    II.     JURISDICTION ................................................................................................... 7

5    III.    INTRADISTRICT ASSIGNMENT .................................................................... 7

6    IV.    SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28
              U.S.C. § 1446 ....................................................................................................... 7

7

8    V.      REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION
              PURSUANT TO CAFA AND DIVERSITY JURISDICTION .......................... 8

9           A.     The Parties Are Diverse, Both Minimally and Completely ...................... 8

10                 1.     Minimal Diversity Exists ............................................................... 8

11                 2.     Estephanie Perales is a Sham Defendant .................................... 10

12                 3.     Complete Diversity Exists Between The Remaining Parties .................... 13

13           B.     Plaintiff's Action is Pled as a Class Action ............................................ 13

14           C.     There Are More Than 100 Putative Class Members ............................... 13

15           D.     Plaintiff's Claims Place More Than $5,000,000 In Controversy ........... 14

16                 1.     Overtime Claims Put Over $27,929,583 in Controversy ........... 17

17                 2.     Minimum Wage Claims Place at Least $3,418,746 in
                             Controversy ................................................................................... 19

18

19                 3.     Meal and Rest Break Claims Place Over $58,341,775 in
                             Controversy ................................................................................... 20

20                 4.     Claimed Waiting Time Penalties Add More Than
                             $18,381,036 to the Amount in Controversy .............................. 21

21

22                 5.     Paystub Claims Place at Least $4,200,000 in Controversy ...... 22

23                 6.     The Class Claims Satisfy CAFA's Amount in Controversy
                             Requirement .................................................................................. 23

24                 7.     Attorneys' Fees Add to the Amount in Controversy ................. 23

25    VI.    SATISFACTION OF ALL REMOVAL PREREQUISITES ............................. 24

26    VII.   ADOPTION AND RESERVATION OF DEFENSES ...................................... 24

27    VIII.  CONCLUSION .................................................................................................. 24

28

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441
CASE NO.: _____

2280357.1

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

### State Cases

4
*Becker v. Welton Becket & Assocs.*
    39 Cal.App.3d 815 (1974) ...................................................................................... 11

5

*Fiol v. Doellstedt*
6     50 Cal.App.4th 1318 (1996) .................................................................................. 11

7
*Reno v. Baird*
    18 Cal.4th 640 (1998) ............................................................................................ 11
8

*Reynolds v. Bement*
9     36 Cal.4th 1075 (2005) .......................................................................................... 11

10

### Federal Cases

11
*Arias v. Residence Inn by Marriott*
    936 F.3d 920 (9th Cir. 2019) ................................................................................. 16
12

13
*Ashcroft v. Iqbal*
    556 U.S. 662, 129 S. Ct. 1937 (2009) .............................................................. 11, 12
14

*Bell Atlantic Corp. v. Twombly*
15     550 U.S. 544 (2007) ......................................................................................... 11, 12

16
*Bell v. American General Finance, Inc.*
    267 F. Supp. 2d 582 (S.D. Miss. 2003) ................................................................ 11
17

*Brady v. Mercedes-Benz USA, Inc.*
18     243 F. Supp. 2d 1004 (N.D. Cal. 2002) ............................................................... 23

19
*Brown v. Allstate Ins. Co.*
    17 F.Supp.2d 1134 (1998) ............................................................................... 10, 11
20

*Cain v. Harford Life & Accident Ins. Co.*
21     890 F. Supp. 2d 1246 (C.D. Cal. 2012) ............................................................... 15

22
*Campbell v. Vitran Express, Inc.*
    471 Fed. App'x 646 (9th Cir. 2012) ................................................................. 15, 23
23

*Cicero v. Di-recTV, Inc.*
24     No. EDCV 07-1182, 2010 WL 2991486 (C.D. Cal. July 27, 2010)..................... 23

25
*Coleman v. Estes Express Lines, Inc.*
    730 F. Supp. 2d 1141 (C.D. Cal. 2010) ............................................................... 16
26

*Dart Cherokee Basin Operating Co., LLC v. Owens*
27     135 S. Ct. 547 (2014).......................................................................................16, 17

28
*Golub v. Wells Fargo Bank, N.A.*
    2014 WL 997336 (C.D. Cal. 2014) ........................................................................ 9

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441
CASE NO.: _____

2280357.1

1

**TABLE OF AUTHORITIES (cont.)**

2

**Page(s)**

3
*Hertz Corp. v. Friend*
  559 U.S. 77 (2010)............................................................................................ 9

4

5
*Ibarra v. Manheim Invs., Inc.*
  775 F.3d 1193 (9th Cir. 2015) ......................................................................... 16

6
*Kantor v. Wellesley Galleries, Ltd.*
  704 F.2d 1088 (9th Cir. 1983). ......................................................................... 9

7

8
*Korn v. Polo Ralph Lauren Corp.*
  536 F.Supp.2d 1199 (E.D. Cal. 2008) ........................................................ 15, 22

9
*Kroske v. U.S. Bank Corp.*
  432 F.3d 976 (9th Cir. 2005) ............................................................................ 16

10

11
*Lew v. Moss*
  797 F.2d 747 (9th Cir. 1986) ............................................................................. 8

12
*Longmire v. HMS Host U.S., Inc.*
  Case No., 12-cv-2203, 2012 WL 5928485 (S.D. Cal. Nov. 26, 2012).............. 23

13

14
*McCabe v. General Foods Corp.*
  811 F.2d 1336 (9th Cir. 1987) .......................................................................... 12

15
*Morris v. Princess Cruises, Inc.*
  236 F.3d 1061 (9th Cir. 2001) .......................................................................... 12

16

17
*Muniz v. Pilot Travel Centers LLC*
  No. CIV. S-07-0325FCDEFB, 2007 WL 1302504 (E.D. Cal. May 1, 2007) ............. 16, 23

18
*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*
  526 U.S. 344 (1999).......................................................................................... 7

19

20
*Oda v. Gucci Am.*, Inc.
  No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672 (C.D. Cal.
  2015)................................................................................................................. 16

21

22
*Powers v. Eichen*
  229 F.3d 1249 (9th Cir. 2000) .......................................................................... 23

23
*Ritchey v. Upjohn Drug Co.*
  139 F.3d 1313 (9th Cir. 1998) .................................................................... 11, 12

24

25
*Rodriguez v. AT&T Mobility Servs. LLC*
  728 F.3d 975 (9th Cir. 2013) ............................................................................ 15

26
*Sanchez v. Monumental Life Ins. Co.*
  102 F.3d 398 (9th Cir. 1996) ............................................................................ 15

27

28
*Smith v. Simmons*
  2008 U.S.  Dist.  LEXIS 21162 (E.D.  Cal.  2008)............................................ 9

4

2280357.1

1

**TABLE OF AUTHORITIES (cont.)**

2

**Page(s)**

3    *State Farm Mut. Auto. Ins. Co. v. Dyer*
          19 F.3d 514 (10th Cir. 1994) ........................................................................... 8, 9
4

5    *Wren v. RGIS Inventory Specialists*
          No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) .................................. 23

6    **State Statutes and Regulations**

7    Code of Civil Procedure section 382 ........................................................................... 13

8    Labor Code section 1194 ........................................................................... 19

9    Labor Code section 201 ........................................................................... 21

10   Labor Code section 202 ........................................................................... 21

11   Labor Code section 203 ........................................................................... 21

12   Labor Code section 226(a) ........................................................................... 22

13   Labor Code section 226.7 ........................................................................... 20

14   Labor Code section 510 ........................................................................... 17

15   Labor Code section 512 ........................................................................... 20

16   Labor Code section 558.1(b) ........................................................................... 12

17   **Federal Statutes and Regulations**

18   28 U.S.C. section 1332 ........................................................... 6, 7, 8, 9, 10, 13, 15, 24

19   28 U.S.C. section 1441 ........................................................................... 7, 10, 12

20   28 U.S.C. section 1446 ........................................................................... 6, 7, 8, 15, 24

21   28 U.S.C. section 1453 ........................................................................... 8

22   28 U.S.C. section 84 ........................................................................... 7

23   **Other Authorities**

24   Senate Judiciary Committee Report, S. REP. 109-14, at 42 ........................................................... 17

25

26

27

28

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441
CASE NO.: _____

2280357.1

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant GRUMA CORPORATION ("Gruma"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court for the State of California for the County of Alameda to the United States District Court for the Northern District of California based on the original jurisdiction of this Court under 28 United States Code ("U.S.C.") sections 1332(d), and removal jurisdiction under 28 U.S.C. section 1446.  In support of this removal, Gruma states as follows:

## I. <u>BACKGROUND</u>

1.      On or about August 2, 2023, Plaintiff commenced this action by filing an unverified Complaint in the Superior Court of California, County of Alameda, captioned *Yesica Becerra Zamora v. Gruma Corporation, and DOES 1 through 100 inclusive*, and bearing the case number 23CV039868 (the "Action"). True and correct copies of all pleadings, process, and orders, and any other documents on file with the State Court in this Action are attached to this Notice as **Exhibit A**.

2.      Gruma, at the time of the filing of the Action, and since, has been incorporated under the laws of the State of Nevada with its principal place of business, and the location where its officers direct, control, and coordinate its corporate activities, in Irving, Texas.  (*See* Declaration of Horacio Gaitan in Support of Defendant's Notice of Removal ("Gaitan Decl."), ¶¶ 3 and 4.)  Plaintiff identified Gruma in the Action as "a Nevada Corporation."  (Ex. A., Compl. Caption and ¶ 3.) Therefore, at all material times, Gruma has been a citizen of the State of Nevada and the State of Texas, and not of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California.

3.      The Complaint, styled as a class action, asserts claims for: 1. Failure To Pay Overtime Wages; 2. Failure To Pay Minimum Wages; 3. Failure To Provide

1  Meal Periods; 4. Failure To Provide Rest Periods; 5. Waiting Time Penalties; 6.

2  Wage Statement Violations; 7. Failure To Timely Pay Wages; 8. Failure To

3  Indemnify; 9. Failure To Pay Interest On Deposits; 10. Violation Of Labor Code §

4  227.3; and, 11. Unfair Competition.  [*See* Complaint, *generally*.]

## II. <u>JURISDICTION</u>

4.     This Court has original jurisdiction over this Action under the Class

Action Fairness Act of 2005 ("CAFA" or the "Act").  See 28 U.S.C. § 1332(d), as

this class action is between citizens of different states, it involves over 100 putative

class members, and the amount in controversy for the putative class members in the

aggregate exceeds $5,000,000, exclusive of interest and costs, as set forth more fully

below.

## III.  <u>INTRADISTRICT ASSIGNMENT</u>

5.     Pursuant to Local Rule 3-2(c) and (d), Intradistrict Assignment to the

San Francisco Division or Oakland Division of the United States District Court for

the Northern District of California is proper because the state court action was

originally filed in Alameda County and alleges that the allegedly wrongful conduct

occurred in Alameda, California.  Complaint, ¶13.

## IV.  <u>SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446</u>

6.     In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the

District Court of the United States in which the action is pending.  The Superior

Court of California, County of Alameda is located within the Northern District of

California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. section

84(a) because it is the "district and division embracing the place where such action is

pending." 28 U.S.C. §1441(a).

7.     Gruma was served with the Summons and Complaint in this Action on

September 15, 2023. (*See* **Exhibit A**, Proof of Service.)  Therefore, Gruma's Notice

of Removal is timely under 28 U.S.C. §1446(b)(1).  *Murphy Bros., Inc. v. Michetti*

*Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

8.      In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in the County of Alameda and with the Clerk of the Northern District of California. True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

## V.  <u>REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO CAFA AND DIVERSITY JURISDICTION.</u>

9.      In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of 100 or more putative class members is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs.  The Act authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As set forth below, this Action meets all of the Act's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

### A.      <u>The Parties Are Diverse, Both Minimally and Completely.</u>

#### 1.      <u>Minimal Diversity Exists.</u>

10.      The Act's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b).  Minimal diversity of citizenship exists here because Plaintiff and Gruma, the only relevant defendant, are citizens of different states.

11.      The Complaint alleges that Plaintiff is and has been a resident of the State of California.  (*See* Ex. A., Compl. ¶ 2.)  Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship.  *See Lew v. Moss*, 797 F.2d 747, 750-51 (9th Cir. 1986*); see also State*

*Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *See State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994); *Golub v. Wells Fargo Bank, N.A.*, 2014 WL 997336, at *1 (C.D. Cal. 2014). Plaintiff's personnel documents show that she listed a California address as her place of residence. (Gaitan Decl., ¶ 5b.) Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

12.  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business." In *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 78. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

13.  Gruma, at the time of the filing of the Action, and since, has been incorporated under the laws of the State of Nevada with its principal place of business, and the location where its officers direct, control, and coordinate its corporate activities, in Irving, Texas. (*See* Gaitan Decl., ¶¶ 3 and 4.) Plaintiff

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441
CASE NO.: _____

CDF Labor Law LLP

2280357.1

identified Gruma in the Action as "a Nevada Corporation." (Ex. A., Compl. Caption and ¶ 3.) Therefore, at all material times, Gruma has been a citizen of the State of Nevada and the State of Texas, and not of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California.

14.    Because Gruma is a citizen of the State of Nevada and the State of Texas, and Plaintiff is a citizen of the State of California, minimal diversity exists pursuant to 28 U.S.C. §1332(d).

**2.    Estephanie Perales is a Sham Defendant.**

15.    While the Complaint alleges that Estephanie Perales is a defendant and a California citizen, the allegation of her citizenship must be disregarded for the purpose of analyzing diversity jurisdiction.

16.    28 U.S.C. § 1441(b) ) states that actions are removable if, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiff apparently attempts to avoid removal by improperly naming Ms. Perales as an individual defendant. Although Plaintiff alleges that Perales is a citizen of California, there is no evidence in the State Court's file that Plaintiff served her with Complaint and summons, and, therefore, she has not been properly joined as a defendant to this action. Further, as a matter of law, the claims alleged cannot lie against her individually.

17.    Perales has not been properly joined as a defendant because Plaintiff's Complaint fails to allege any specific factual allegation from which she could be held culpable and fails to state a valid cause of action against her. *Brown v. Allstate Ins. Co.,* 17 F.Supp.2d 1134 (1998) (upholding removal where non-diverse individual defendants were named in the caption and in some of the causes of action, but there were *no specific factual allegations against them*). The sum total of Plaintiff's allegations against Perales are that, upon information and belief, Perales is "an individual residing in California, as well as the supervisor of GRUMA," (Compl. ¶

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441
CASE NO.: _____

4.) and "Perales violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1." (*Id.*¶ 8.)

18.    Conclusory statements of liability without supporting facts do not state a claim for which relief can be granted and must be dismissed. *See, e.g., Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009). Plaintiff's "conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined." *Bell v. American General Finance, Inc.,* 267 F. Supp. 2d 582, 584 (S.D. Miss. 2003). Where the factual allegations in the Complaint are insufficient to state a claim, there is fraudulent joinder and removal is proper. *See, e.g., Brown,* 17 F.Supp.2d at 1173. The issue in fraudulent joinder determination is "whether the plaintiff truly had a cause of action against the alleged sham defendants," not merely whether a nominal cause of action has been stated. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-1319 (9th Cir. 1998). The Complaint fails to state a theory of liability that would support claims or liability against Perales.

19.    The Complaint fails as a matter of law to state a claim of individual liability against Perales. Here, Plaintiff seems to allege that Perales was a supervisor acting in accordance with the policies of her employer. (Compl. ¶ 4.) Such an allegation negates any individual liability against a supervisor under well-settled California law. *See, e.g., Reynolds v. Bement,* 36 Cal.4th 1075, 1087-1088 (2005) ("corporate agents acting with the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages"); *Fiol v. Doellstedt,* 50 Cal.App.4th 1318, 1331 (1996) ("individual supervisory employees should not be placed at risk of personal liability"); *Becker v. Welton Becket & Assocs.,* 39 Cal.App.3d 815, 822-23 (1974) (managerial employees cannot be held liable for acts taken within the course and scope of their employment); *Reno v.*

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441
CASE NO.: _____

*Baird,* 18 Cal.4th 640, 646-647 (1998) (managers are shielded from liability when they act within the course and scope of their employment). Here, Plaintiff does not even allege that Perales was acting within the scope of her supervisory role but makes the conclusory argument that each defendant "was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants…." (Compl. ¶ 6.) The Complaint is devoid of a single allegation about Perales that could lead to individual liability.

20.    Indeed, the only *theoretical* basis for individual liability referenced in the Complaint is the conclusory assertion that Perales violated Labor Code section 558.1. (*See* Compl. ¶ 8). However, that theory of individual liability is permitted, *only* where the individual defendant is an owner, officer, or executive-level managing agent of the employer. *See* Labor Code § 558.1(b).  The Complaint fails to make any such allegation and it cannot.

21.    The Complaint fails to make a single specific allegation that Perales directly violated any law, or that she is somehow liable as an "employer" for penalties based on her role as "the supervisor of Gruma". (Compl. ¶ 4.)  Finally, the Complaint fails to allege (nor can it) that Perales directly implemented any policies or procedures applicable to Plaintiff or any "aggrieved employee", or that she directly caused any Labor Code violation. Plaintiff's conclusory allegations do not support a claim under *Iqbal/Twombly* and represent the epitome of a sham claim.

22.    Plaintiff fraudulently joined Perales for the sole purpose of defeating diversity jurisdiction, and this fraudulent joinder does not preclude removal. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (*citing McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987)); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Accordingly, the requirements for diversity jurisdiction as set forth in 28 U.S.C. section 1441(b) ) are met, notwithstanding Plaintiff's effort to fraudulently join Perales.

///

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441
CASE NO.: _____

**3.**    **Complete Diversity Exists Between The Remaining Parties.**

23.    Notwithstanding Plaintiff's attempt to fraudulently join Perales, complete diversity of citizenship exists here because Plaintiff and Gruma, the only relevant defendant, are citizens of different states.

24.    Because Gruma is a citizen of the State of Nevada and the State of Texas, and Plaintiff is a citizen of the State of California, complete diversity exists pursuant to 28 U.S.C. §1332(a).

**B.**    **Plaintiff's Action is Pled as a Class Action**

25.    Under CAFA, "'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedures or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

26.    The Action has been styled as a class action, pursuant to California Code of Civil Procedure section 382. (Ex. A, Compl. Caption and ¶ 1.) The Complaint also contains an entire section devoted to "Class Action Allegations." (Ex. A, Compl. ¶¶ 27-36.) California Code of Civil Procedure section 382 authorizes an action to be brought by one or more representative persons as a class action. *See* Cal. Code Civ. Proc. § 382.

**C.**    **There Are More Than 100 Putative Class Members**

27.    CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100. *See* 28 U.S.C. § 1332(d)(5)(B).

28.    Here, the putative class is defined as: "All employees who are or were employed by *Defendants in the state of California* as hourly non-exempt employees within four (4) years prior to the date this lawsuit is filed ('liability period') until the time that notice of the class action is provided to the class (collectively referred to as the 'Class Members')." (Ex. A, Compl. ¶ 27 (emphasis added).)

29.    Plaintiff's Complaint also proposed the following Subclasses:

- Class Members who were not paid for all hours worked, including overtime,

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441
CASE NO.: _____

CDF Labor Law LLP

2280357.1

at the employee's regular rate of pay, and a rate of pay that is greater than the applicable minimum wage;

- Class Members who have not been provided compliant meal periods and were not provided additional wages for missed or uninterrupted meal periods;

- Class Members who have not been provided compliant rest periods and were not provided additional wages for missed rest periods;

- Class Members who were not timely paid all wages earned upon termination or resignation;

- Class Members who were not provided with accurate wage statements;

- Class Members who were not timely paid all wages due;

- Class Members who were not indemnified for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants.

- Class Members who were not compensated at their final rate of pay for vested paid vacation time.

(Ex. A, Compl. ¶ 32.)

30.    As of October 10, 2023, Gruma employed 2,334 non-exempt employees in California.  (Gaitan Decl., ¶ 6a.) During the period of August 2, 2019 to October 10, 2023, Gruma employed approximately 3,856 non-exempt employees in California who are no longer employed by Gruma.  (*Id.*)  Thus, the requisite number of at least 100 putative Class members is satisfied.

**D.    Plaintiff's Claims Place More Than $5,000,000 In Controversy[1]**

31.    CAFA requires that the "aggregate[]" "matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §

---

[1] Gruma provides the following calculations only to demonstrate that the amount in controversy exceeds $5,000,000.  Gruma makes no admission of liability or damages with respect to any aspect of this case, nor does Gruma waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with any of her claims.

1332(d)(2) and (6).

32.    The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  Removal is proper if it is demonstrated "by a preponderance of evidence, that the aggregate amount in controversy exceeds" $5,000,000.  *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).  This burden is not onerous and does not obligate a removing defendant to "research, state, and prove the plaintiff's claims for damages."  *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-1205 (E.D. Cal. 2008).  Rather, "[t]he 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Id.*  To determine the amount in controversy for CAFA, all potential damages based on the claims in the complaint, as well as attorneys' fees, are included.  *See Campbell v. Vitran Express, Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (to measure the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.") (quotations and citations omitted).

33.    The amount in controversy is determined by accepting Plaintiff's allegations as true.  *See, e.g., Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) ("[T]he amount in controversy is met by the express allegations of the plaintiff's complaint." (quotation omitted)); *Cain v. Harford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.").  Thus, in measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on *all claims* made in the complaint.  *Korn*, 536 F. Supp. 2d at 1205.

34.    A defendant may rely on reasonable assumptions in estimating the

CDF Labor Law LLP

2280357.1

amount in controversy and need not submit evidence with a notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements.") (internal quotation marks omitted). Here, however, Plaintiff failed to specify any sum for the value of all of the total claims alleged and remedies sought. "When the amount is not facially apparent from the complaint, the court may consider facts in the removal petition . . . relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006).

35.     Further, courts may assume a 100% violation rate in calculating the amount in controversy for removal purposes when a more precise calculation is not apparent on the face of the complaint. *See, e.g., Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate")*; Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) ("Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought" to indicate a violation rate smaller than 100%). Additionally, in establishing the amount in controversy, a removing party is entitled to make reasonable assumptions. *See Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193 (9th Cir. 2015) ("[The removing party] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions."); *see also Oda v. Gucci Am.*, Inc., No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *10 (C.D. Cal. 2015) ("Where, as here, a

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441
CASE NO.: _____

1  plaintiff makes generalized allegations regarding the frequency of violations, a
2  defendant may calculate the amount in controversy based on reasonable
3  assumptions.").  The United States Supreme Court, in *Dart Cherokee Basin*
4  *Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), confirmed that "as
5  specified in §1446(a), a defendant's notice of removal need include only a *plausible*
6  allegation that the amount in controversy exceeds the jurisdictional threshold."
7  (Emphasis added.)

8       36.    Moreover, Congress intended that any uncertainty of the removability of
9  an interstate class action be resolved in favor of federal jurisdiction.  *See* Senate
10  Judiciary Committee Report, S. REP. 109-14, at 42 ("if a federal court is uncertain
11  about whether 'all matters in controversy' in a purported class action 'do not in the
12  aggregate exceed the sum or value of $5,000,000,' the court should err in favor of
13  exercising jurisdiction over the case").

14       37.    In sum, Gruma denies the validity and merits of Plaintiff's claims, the
15  legal theories upon which they are purportedly based, and the claims for monetary
16  and other relief that flow from them.  By estimating the amount Plaintiff may recover
17  if she prevails, however, Gruma does not concede that Plaintiff will prevail on any of
18  her claims or that, if she prevails, she is entitled to damages, statutory penalties,
19  attorneys' fees or costs of suit in any particular amount or at all.  Gruma reserves the
20  full right to dispute Plaintiff's claims with respect to both liability, damages,
21  penalties, and any amount of reasonable attorneys' fees or costs requested.
22  Nevertheless, and notwithstanding Plaintiff's failure to allege the total amount of
23  damages claimed, the amount in controversy as alleged by Plaintiff in this case
24  exceeds $5,000,000, as set forth in more detail below.

25       **1.**    **<u>Overtime Claims Put Over $27,929,583 in Controversy</u>**

26       38.    Plaintiff's first cause of action alleges violation of California Labor
27  Code § 510 for failure to pay overtime.

28       39.    Plaintiff alleges that she and the putative class members "worked for

Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked." (Ex. A., Compl. ¶ 41.)  Plaintiff alleges that she and Class Members were entitled to compensation at the rate of one-half (1 ½) of such employee's regular rate of pay for any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek.  (*Id*. ¶ 39.) Plaintiff also contends that she and Class Members were entitled to compensation at the rate no less than twice the employee's regular rate of pay for any work in excess of 12 hours in one workday and any work in excess of eight hours on any seventh day of a workweek (*Id*. ¶ 40.) Plaintiff seeks to recover the alleged overtime compensation, as well as interest, penalties, costs, and attorneys' fees, amongst other relief.  (*Id*. ¶ 43, Prayer for Relief ¶ 113.)

40.    During the period of August 2, 2019 to August 2, 2023, Gruma employed approximately 6,190 putative class members.  The putative class worked an aggregate of over 2,071,966 work shifts, approximately 45% of which, or 932,384, were shifts of more than eight hours during the bulk of this period.  (Gaitan Decl., ¶ 6a.)  The employees worked in excess of 208 weekly pay periods.  (*Id.*) The average regular rate of pay among this group of employees was approximately $19.97 during the bulk of this period.  (*Id*.)

41.    Although Gruma denies all liability, assuming conservatively the following for purposes of this analysis only that the putative class members were not paid for the equivalent of one hour of overtime for each week of their employment, reduced by percentage of shifts of more than 8 hours, the amount in controversy based on Plaintiff's overtime claim exceeds **$27,929,583** (calculated as follows: $19.97 per hour x 1 hour/week x 1.5 overtime rate x 2,071,966  x .45) work shifts potentially subject to overtime hours).  The potential recovery on Plaintiff's first cause of action, alone, exceeds CAFA's $5,000,000 threshold.

///

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441
CASE NO.: _____

2280357.1

**2.** <u>**Minimum Wage Claims Place at Least $3,418,746 in Controversy**</u>

42.　Plaintiff's second cause of action also alleges violations of California Labor Code § 1194 for failure to pay minimum wages.  (Ex. A., Compl. ¶ 47.) Plaintiff alleges that "Defendants failed to accurately pay for all hours actually worked at their regular rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out.'" (*Id*.)  Plaintiff seeks allegedly unpaid minimum wages, interest, costs, and attorneys' fees, amongst other relief.  (*Id*. ¶ 49, Prayer for Relief ¶ 113.)

43.　During the period of August 2, 2019 to August 2, 2023, Gruma employed at least 6,190 putative class members.  The putative class worked an aggregate of over 2,071,966 work shifts, approximately 55% of which, or 1,139,582 were shifts less than eight (8) hours during the bulk of this period.  (Gaitan Decl., ¶ 6a.) The average regular rate of pay among this group of employees was approximately $19.97 during the bulk of this period.  (*Id*.)

44.　Although Gruma denies all liability, assuming for the purposes of this analysis only that Plaintiff and other putative class members were under Gruma's control and/or performing job duties for just 15 minutes per shift, without compensation, each shift of their employment during which they were entitled to a compensation, from August 2, 2019 to August 2, 2023, and further applying only the lowest applicable minimum wage rate of $12/per hour (the minimum wage in 2019), the amount in controversy is in excess of **<u>$3,418,746</u>** (calculated as follows: $12 per hour x .25 hour x 1,139,582 work shifts less than eight (8) hours).  As the minimum wage has increased, the amount in controversy on this claim is actually higher.

///

CDF Labor Law LLP

2280357.1

**3.** **Meal and Rest Break Claims Place Over $58,341,775 in Controversy**

45.    Plaintiff's third and fourth causes of action alleges violation of California Labor Code §§ 226.7 and 512 for failure to provide compliant meal periods and rest breaks, and failure to pay the corresponding premiums.

46.    Plaintiff alleges that "Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty- free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods." (Ex. A., Compl. ¶ 54.)  Plaintiff also alleges that "Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods." (*Id.* at ¶ 62.)  Plaintiff seeks, on behalf of herself and the Class, premium wages pursuant to §§ 226.7 and 512.  (*Id.*, ¶¶ 57 and 65, and Prayer for Relief ¶ 113.)

47.    As noted above, during the relevant period, the putative class members worked 2,071,966 work shifts, approximately 45% of which, or 932,384, were shifts of more than eight hours and approximately 96% of which, or 1,989,087, were shifts of more than three-and-a-half hours during the bulk of this period.  (Gaitan Decl., ¶ 6a.)  The average regular rate of pay among this group of employees is approximately $19.97 during the bulk of this period.  (*Id.*)  Based on Plaintiff's allegations that all meal periods and rest breaks were non-compliant, it is reasonable to assume that Plaintiff's claim involves unpaid meal period premiums for 932,384 work shifts, and unpaid rest break premiums for 1,989,087 work shifts.

CDF Labor Law LLP

2280357.1

48.     Although Gruma denies all liability, assuming for purposes of this analysis only that putative class members were not provided a legally compliant meal period during each shift of their employment that exceeded six hours, during the applicable limitations period, the amount in controversy for alleged meal period violations alone is $18,619,708 (calculated as follows: $19.97 per hour x 1 hour of regular compensation as a penalty for each non-compliant meal period x 932,384 shifts).  Similarly, although Gruma denies all liability, the amount in controversy for alleged rest period violations is $39,772,067 (calculated as follows: $19.97 per hour x 1 hour of regular compensation as a penalty for each non-compliant rest period x 1,989,087 shifts). Accordingly, there is "substantial, plausible evidence" that the amount in controversy in Plaintiff's second and third causes of action, alone, exceeds **$58,341,775** and thus meets CAFA's $5,000,000 threshold.

**4.      Claimed Waiting Time Penalties Add More Than $18,381,036 to the Amount in Controversy**

49.     Plaintiff's fifth cause of action alleges violation of California Labor Code §§ 201, 202, and 203 for failure to pay all wages due upon termination of employment.  Plaintiff alleges that "Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination." (Ex. A., Compl. ¶ 69.) Plaintiff also alleges that she "and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days, pursuant to Labor Code Labor Code § 203." (*Id.* at 71)   Plaintiff seeks to recover "waiting time penalties, interest." (*Id.* at 73, Prayer for Relief ¶ 113.)

50.     During the period of August 2, 2019 to October 10, 2023, approximately 3,856 putative class members separated from employment with Gruma in California. (Gaitan Decl., ¶ 6a.)  The average regular rate of pay among the putative class members is approximately $19.97 during the bulk of this period. (*Id.*)

CDF Labor Law LLP

2280357.1

51.    Although Gruma denies all liability, assuming for this analysis only that putative class members were not timely paid final wages due, the amount in controversy for her alleged Section 203 claim is at least **$18,381,036** (calculated as follows: $19.97 per hour x 8 hours x 30 days x 3,856 putative class members who no longer work for Gruma).

### 5.    Paystub Claims Place at Least $4,200,000 in Controversy

52.    Plaintiff's sixth cause of action alleges violation of California Labor Code § 226(a) for failure to provide accurate itemized wage statements.  Plaintiff alleges that Defendants "failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; among other things." (Ex. A, Compl. ¶ 77.)  Plaintiff seeks to recover damages up to "an aggregate [of] $4,000.00 per employee."  (*Id.* ¶ 81, Prayer for Relief ¶ 113.)

53.    During each weekly pay period that occurred in the time period applicable to the bulk of Plaintiff's wage statement claim, August 2, 2019 to October 10, 2023, Gruma employed an approximate low of 2,100 to an approximate high of 2,400 putative class members.  (Gaitan Decl., ¶ 6b.)  California Labor Code Section 226(a) provides a maximum aggregate statutory penalty of $4,000 per affected employee.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.")

54.    Accordingly, although Gruma denies all liability, based on Plaintiff's allegations and assuming for this analysis only that Gruma failed to provide 2,100 putative class members complete and accurate wage statements averaging $2,000 per

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441
CASE NO.: _____

CDF Labor Law LLP

2280357.1

employee, the amount in controversy is at least **$4,200,000** (calculated as follows: 2,100 putative class members x $2,000).

**6.     The Class Claims Satisfy CAFA's Amount in Controversy Requirement**

55.    Based on the claims described above, the alleged class-wide liability by itself greatly exceeds CAFA's $5,000,000 amount in controversy requirement.

**7.     Attorneys' Fees Add to the Amount in Controversy**

56.    Plaintiff's Complaint also seeks an award of attorneys' fees. (Ex. A., Compl. ¶¶ 25, 32, 43, 49, 57, 65, 81, 95, 101, 107, Prayer for Relief ¶ 113.)  Requests for attorneys' fees may be taken into account in ascertaining the amount in controversy for purposes of removal.  *Longmire v. HMS Host U.S., Inc.*, Case No., 12-cv-2203, 2012 WL 5928485, at * 9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over amount in controversy under CAFA.") (citing *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz*, 2007 WL 1302504, at *4 (attorneys' fees appropriately included in determining amount in controversy).

57.    In the class action context, courts have found that a reasonable percentage of the aggregate amount in controversy is a benchmark for attorneys' fees awards under the "percentage of fund" calculation and courts may depart from this benchmark when warranted.  *See Campbell v. Vitran Exp., Inc*., 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists,* No. C-06-05778 JCS, 2011 WL 1230826, at *27-29 (N.D. Cal. Apr. 1, 2011); *Cicero v. Di-recTV, Inc*., No. EDCV 07-1182, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010).

58.    Although Gruma denies all liability and disputes that Plaintiff is entitled to any attorneys' fees, if Plaintiff's fees are based on a highly conservative

benchmark of 6% of the total amount in controversy, her claim for attorneys' fees independently surpasses CAFA's $5,000,000 threshold.

## VI. SATISFACTION OF ALL REMOVAL PREREQUISITES

59. Gruma has sought no similar relief with respect to this matter.

60. Written notice of the filing of the Notice of Removal will be given to the adverse party as required by law. 28 U.S.C. § 1446(d).

61. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk of the Superior Court of the State of California for the County of Alameda.

62. The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Northern District of California, and this cause is removable to the United States District Court for the Northern District of California.

## VII. ADOPTION AND RESERVATION OF DEFENSES

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Gruma's right to assert any defense or affirmative matter, including but not limited to the following defenses: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of all of the claims; (8) class action waiver; (9) failure to join indispensable parties; (10) setoff; (11) statute of limitations bar; or (12) any pertinent defense under the California or Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## VIII. CONCLUSION

28. Based on the foregoing, this Court has jurisdiction under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1446.

29. In the event this Court has a question regarding the propriety of this Notice of Removal, Gruma requests that the Court issue an Order to Show Cause so

24

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441
CASE NO.: _____

CDF Labor Law LLP

2280357.1

1 that Gruma may have the opportunity to more fully brief the basis for this removal,

2 and/or order Plaintiff to file a statement of damages and/or citizenship.

3         WHEREFORE, Gruma gives notice that the above-described action in the

4 Superior Court of the State of California for the County of Alameda – Northern

5 District is removed to this Court.

6

7 Dated:  October 13, 2023          CDF LABOR LAW LLP

8

9                                  By: /s/ Dan M. Forman

10                                        Dan M. Forman
                                   Attorneys for Defendant
11                                 GRUMA CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. SECTION 1441
CASE NO.: _____

EXHIBIT A



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GRUMA CORPORATION., a Nevada corporation; ESTEPHANIE PERALES, an individual; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YESICA BECERRA ZAMORA, an individual and on behalf of all others similarly situated

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
08/02/2023
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Oliver _____ Deputy

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es)*:  Superior Court of California
County of Alameda -- George E. McDonald Hall of Justice
2233 Shoreline Drive, Alameda, California 94501

</td><td>

CASE NUMBER: *(Número del Caso)*:

23CV039868

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:

Bibiyan Law Group, P.C., David D. Bibiyan, 8484 Wilshire Blvd, Suite 500, Beverly Hills, California, 90211, 310-438-5555

<table>
<tr><td>

DATE:
*(Fecha)*    08/02/2023

</td><td>Chad Finke, Executive Officer / Clerk of the Court</td><td>Clerk, by
*(Secretario)*   D. Oliver</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (POS-010).)*

<table>
<tr><td>

[SEAL]

</td><td>

**NOTICE TO THE PERSON SERVED:** You are served

1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* GRUMA CORPORATION., A NEVADA CORPORATION
   under: [X] CCP 416.10 (corporation)          [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)   [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership)  [  ] CCP 416.90 (authorized person)
          [  ] other *(specify):*
4. [  ] by personal delivery on *(date)*

</td></tr>
</table>

Page 1 of 1

<table>
<tr><td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

</td><td>

**SUMMONS**

</td><td>

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

</td></tr>
</table>

For your protection and privacy, please press the Clear
This Form button after you have printed the form.        [ Print this form ]  [ Save this form ]        [ Clear this form ]

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
08/02/2023 at 04:18:20 PM
By: Darmekia Oliver,
Deputy Clerk

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
*jeff@tomorrowlaw.com*
Henry Glitz (Cal. Bar No. 349815)
*henry@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, YESICA BECERRA ZAMORA, and
on behalf of herself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| YESICA BECERRA ZAMORA, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GRUMA CORPORATION., a Nevada corporation; ESTEPHANIE PERALES, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 23CV039868<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAITING TIME PENALTIES;<br><br>6. WAGE STATEMENT VIOLATIONS;<br><br>7. FAILURE TO TIMELY PAY WAGES;<br><br>8. FAILURE TO INDEMNIFY;<br><br>9. FAILURE TO PAY INTEREST ON DEPOSITS:<br><br>10. VIOLATION OF LABOR CODE § 227.3<br><br>11. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $25,000.00] |

CLASS ACTION COMPLAINT

1    Plaintiff YESICA BECERRA ZAMORA, on behalf of Plaintiff and all others similarly

2    situated, alleges as follows:

3    **GENERAL ALLEGATIONS**

4    **INTRODUCTION**

5    1.    This is a Class Action, pursuant to Code of Civil Procedure section 382, against

6    GRUMA CORPORATION, and any of its respective subsidiaries or affiliated companies within the

7    State of California ("GRUMA"); and ESTEPHANIE PERALES ("PERALES" and collectively,

8    with GRUMA CORPORATION and DOES 1 through 100, as further defined below, "Defendants")

9    on behalf of Plaintiff and all other current and former non-exempt California employees employed

10    by or formerly employed by Defendants ("Class Members").

11    **PARTIES**

12    A.    **Plaintiff**

13    2.    Plaintiff YESICA BECERRA ZAMORA is a resident of the State of California. At

14    all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that

15    Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not

16    limited to, inspecting and ensuring compliance with product quality standards. Plaintiff is informed

17    and believes, and based thereon alleges, that Plaintiff YESICA BECERRA ZAMORA worked for

18    Defendants from approximately August of 2012 through approximately November of 2022.

19    B.    **Defendants**

20    3.    Plaintiff is informed and believes and based thereon alleges that defendant GRUMA

21    CORPORATION is, and at all times relevant hereto was, a corporation organized and existing under

22    and by virtue of the laws of the State of Nevada and doing business in the County of Alameda, State

23    of California.

24    4.    Plaintiff is informed and believes and based thereon alleges that defendant

25    PERALES is, and at all times relevant hereto was, an individual residing in California, as well as

26    the supervisor of GRUMA, and DOES 1 through 100, as further defined below.

27    5.    The true names and capacities, whether individual, corporate, associate, or otherwise,

28    of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

2

CLASS ACTION COMPLAINT

1  who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

2  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

3  herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

4  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

5  the defendants designated hereinafter as DOES when such identities become known. Plaintiff is

6  informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

7  to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

8  policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

9  other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

10  include GRUMA, and any of their parent, subsidiary, or affiliated companies within the State of

11  California, as well as PERALES and DOES 1 through 100 identified herein.

12  ### JOINT LIABILITY ALLEGATIONS

13       6.     Plaintiff is informed and believes and based thereon alleges that all the times

14  mentioned herein, each of the Defendants was the agent, principal, employee, employer,

15  representative, joint venture or co-conspirator of each of the other defendants, either actually or

16  ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

17  employment, joint venture, and conspiracy.

18       7.     All of the acts and conduct described herein of each and every corporate defendant

19  was duly authorized, ordered, and directed by the respective and collective defendant corporate

20  employers, and the officers and management-level employees of said corporate employers. In

21  addition thereto, said corporate employers participated in the aforementioned acts and conduct of

22  their said employees, agents, and representatives, and each of them; and upon completion of the

23  aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant

24  corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,

25  acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the

26  aforementioned corporate employees, agents and representatives.

27       8.     Plaintiff is further informed and believes and based thereon alleges that PERALES

28  violated, or caused to be violated, the above-referenced and below-referenced Labor Code

1 | provisions in violation of Labor Code section 558.1.

2 | 9.      Plaintiff is informed and believes, and based thereon allege, that there exists such a
3 | unity of interest and ownership between Defendants, and each of them, that their individuality and
4 | separateness have ceased to exist.

5 | 10.      Plaintiff is informed and believes, and based thereon alleges that despite the
6 | formation of the purported corporate existence of GRUMA, and DOES 1 through 50, inclusive (the
7 | "Alter Ego Defendants"), they, and each of them, are one and the same with PERALES and DOES
8 | 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following
9 | reasons:

10 | A.    The Alter Ego Defendants are completely dominated and controlled by the Individual
11 | Defendants who personally committed the wrongful and illegal acts and violated the
12 | laws as set forth in this Complaint, and who has hidden and currently hide behind the
13 | Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some
14 | other wrongful or inequitable purpose;

15 | B.    The Individual Defendants derive actual and significant monetary benefits by and
16 | through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego
17 | Defendants as the funding source for the Individual Defendants' own personal
18 | expenditures;

19 | C.    Plaintiff is informed and believes and thereon alleges that the Individual Defendants
20 | and the Alter Ego Defendants, while really one and the same, were segregated to
21 | appear as though separate and distinct for purposes of perpetrating a fraud,
22 | circumventing a statute, or accomplishing some other wrongful or inequitable
23 | purpose;

24 | D.    Plaintiff is informed and believes and thereon alleges that the business affairs of the
25 | Individual Defendants and the Alter Ego Defendants are, and at all relevant times
26 | mentioned herein were, so mixed and intermingled that the same cannot reasonably
27 | be segregated, and the same are inextricable confusion. The Alter Ego Defendants
28 | are, and at all relevant times mentioned herein were, used by the Individual

1   Defendants as mere shells and conduits for the conduct of certain of their, and each

2   of their affairs.  The Alter Ego Defendants are, and at all relevant times mentioned

3   herein were, the alter egos of the Individual Defendants;

4   E.   The recognition of the separate existence of the Individual Defendants and the Alter

5   Ego Defendants would promote injustice insofar that it would permit defendants to

6   insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor

7   Code, and other statutory violations.  The corporate existence of these defendants

8   should thus be disregarded in equity and for the ends of justice because such

9   disregard is necessary to avoid fraud and injustice to Plaintiff herein;

10   F.   Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual

11   Defendants (and vice versa), and the fiction of their separate corporate existence

12   must be disregarded;

13   11.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based

14   thereon alleges that Defendants, and each of them, are joint employers.

15                              **JURISDICTION**

16   12.   Jurisdiction exists in the Superior Court of the State of California pursuant to Code

17   of Civil Procedure section 410.10.

18   13.   Venue is proper in Alameda County, California pursuant to Code of Civil Procedure

19   sections 392, et seq. because, among other things, Alameda County is where the causes of action

20   complained of herein arose; the county in which the employment relationship began; the county in

21   which performance of the employment contract, or part of it, between Plaintiff and Defendants was

22   due to be performed; the county in which the employment contract, or part of it, between Plaintiff

23   and Defendants was actually performed; and the county in which Defendants, or some of them,

24   reside.  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and Class

25   Members in Alameda County, and because Defendants employ numerous Class Members in

26   Alameda County.

27   / / /

28   / / /

**FACTUAL BACKGROUND**

14.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock, to drive off the clock, and/or go through security screenings or temperature checks off the clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or manipulation of time entries to the detriment of Plaintiff and Class Members.

15.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early

CLASS ACTION COMPLAINT

1    to work and leave late work without being able to clock in for all that time, to suffer under

2    Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in

3    and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock

4    out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend

5    company meetings off the clock, to make phone calls off the clock; to drive off the clock; detrimental

6    rounding of employee time entries; editing and/or manipulation of time entries to show less hours

7    than actually worked; failing to pay split shift premiums; and failing to pay reporting time pay to

8    the detriment of Plaintiff and Class Members.

9        16.      For at least four (4) years prior to the filing of this Action and continuing to the

10   present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them,

11   full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than

12   five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on

13   which they worked in excess of ten (10) hours in a work day, and failing to provide compensation

14   for such unprovided meal periods as required by California wage and hour laws.

15       17.      For at least four (4) years prior to the filing of this action and continuing to the

16   present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or

17   some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major

18   fraction thereof and failed to provide compensation for such unprovided rest periods as required by

19   California wage and hour laws.

20       18.      For at least three (3) years prior to the filing of this action and continuing to the

21   present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the

22   full amount of their wages owed to them upon termination and/or resignation as required by Labor

23   Code sections 201 and 202, including for, without limitation, failing to pay overtime wages,

24   minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

25       19.      For at least one (1) year prior to the filing of this Action and continuing to the present,

26   Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with

27   itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages

28   earned; all applicable hourly rates in effect during the pay period and the corresponding number of

1   hours worked at each hourly rate; and other such information as required by Labor Code section
2   226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with
3   an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

4       20.      For at least one (1) year prior to the filing of this action and continuing to the present,
5   Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full
6   amount of their wages for labor performed in a timely fashion as required under Labor Code section
7   204.

8       21.      For at least three (3) years prior to the filing of this action and continuing to the
9   present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the
10  costs incurred in purchasing and/or providing unreturned deposits for mandatory work uniforms;
11  laundering mandatory work uniforms; mileage and/or gas costs incurred in driving personal vehicles
12  for work-related purposes; using cellular phones for work-related purposes; and purchasing tools
13  necessary to perform work duties.

14      22.      For at least three (3) years prior to the filing of the action and continuing to the
15  present, Defendants have, at times, failed to return interest on deposits made by Plaintiff and Class
16  Members, or some of them, for uniforms.

17      23.      For at least four (4) years prior to the filing of this action and continuing to the
18  present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated
19  employees or former employees within the State of California with compensation at their final rate
20  of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

21      24.      For at least four (4) years prior to the filing of this action and continuing to the
22  present, Defendants have had a consistent policy of failing to provide Plaintiffs and similarly
23  situated employees or former employees within the State of California with the rights provided to
24  them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section
25  245, *et seq.*

26      25.      Plaintiff, on their own behalf and on behalf of Class Members, brings this action
27  pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7,
28  227.3, 245, *et seq.*, 404, 510, 512, 558.1, 1194, 1194.2, 1197, 2802, and California Code of

8
CLASS ACTION COMPLAINT

1  Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium

2  wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage

3  statement penalties, failure to indemnify work-related expenses, failure to pay interest on deposits

4  made, failing to pay vested vacation time at the proper rate of pay, other such provisions of

5  California law, and reasonable attorneys' fees and costs.

6      26.      Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to

7  Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)

8  prohibiting Defendants from further violating the Labor Code and requiring the establishment of

9  appropriate and effective means to prevent further violations, as well as all monies owed but

10  withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as

11  restitution of amounts owed.

12                          **CLASS ACTION ALLEGATIONS**

13      27.      Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action

14  pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current

15  and former non-exempt employees of Defendants within the State of California at any time

16  commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice

17  of the class action is provided to the class (collectively referred to as "Class Members").

18      28.      Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b)

19  to amend or modify the class description with greater specificity, further divide the defined class

20  into subclasses, and to further specify or limit the issues for which certification is sought.

21      29.      This action has been brought and may properly be maintained as a class action under

22  the provisions of Code of Civil Procedure section 382 because there is a well-defined community

23  of interest in the litigation and the proposed Class is easily ascertainable.

24      A.      **Numerosity**

25      30.      The potential Class Members as defined are so numerous that joinder of all the

26  members of the Class is impracticable. While the precise number of Class Members has not been

27  determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class

28  Members employed by Defendants within the State of California.

1    31.        Accounting for employee turnover during the relevant periods necessarily increases

2  this number.  Plaintiff alleges Defendants' employment records would provide information as to the

3  number and location of all Class Members.  Joinder of all members of the proposed Class is not

4  practicable.

5    **B.    <u>Commonality</u>**

6    32.        There are questions of law and fact common to Class Members.  These common

7  questions include, but are not limited to:

8       A.    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours

9             worked at a proper overtime rate of pay?

10      B.    Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay

11            for all other time worked at the employee's regular rate of pay and a rate of pay that

12            is greater than the applicable minimum wage?

13      C.    Did Defendants violate Labor Code section 512 by not authorizing or permitting

14            Class Members to take compliant meal periods?

15      D.    Did Defendants violate Labor Code section 226.7 by not providing Class Members

16            with additional wages for missed or interrupted meal periods?

17      E.    Did Defendants violate applicable Wage Orders by not authorizing or permitting

18            Class Members to take compliant rest periods?

19      F.    Did Defendants violate Labor Code section 226.7 by not providing Class Members

20            with additional wages for missed rest periods?

21      G.    Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class

22            Members upon termination or resignation all wages earned?

23      H.    Are Defendants liable to Class Members for waiting time penalties under Labor Code

24            section 203?

25      I.    Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing

26            Class Members with accurate wage statements?

27      J.    Did Defendants fail to pay Class Members in a timely fashion as required under

28            Labor Code section 204?

K.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L.   Did Defendants fail to return deposits made by Class Members with accrued interest thereon as required under Labor Code section 404?

M.   Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time.

N.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

O.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

P.   Are Class Members entitled to costs and attorneys' fees?

Q.   Are Class Members entitled to interest?

**C.      Typicality**

33.      The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.      Adequacy of Representation**

34.      Plaintiff will fairly and adequately represent and protect the interest of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.      Superiority of Class Action**

35.      A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and

11

1  are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the

2  violation of the Labor Code at times, as set out herein.

3      36.      Class action treatment will allow Class Members to litigate their claims in a manner

4  that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of

5  any difficulties that are likely to be encountered in the management of this action that would

6  preclude its maintenance as a class action.

7  **<u>FIRST CAUSE OF ACTION</u>**

8  **(Failure to Pay Overtime Wages – Against All Defendants)**

9      37.      Plaintiff realleges and incorporates by reference all of the allegations contained in

10  the preceding paragraphs as though fully set forth hereat.

11      38.      At all relevant times, Plaintiff and Class Members were employees or former

12  employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable

13  Wage Orders.

14      39.      At all times relevant to this Complaint, Labor Code section 510 was in effect and

15  provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in

16  one workday and any work in excess of forty hours in any one workweek . . . shall be compensated

17  at the rate of no less than one and one-half times the regular rate of pay for an employee."

18      40.      At all times relevant to this Complaint, Labor Code section 510 further provided that

19  "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice

20  the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any

21  seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of

22  pay."

23      41.      Four (4) years prior to the filing of the Complaint in this Action through the present,

24  Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more

25  than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)

26  consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a

27  result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours

28  actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to

1  work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come

2  early to work and leave late work without being able to clock in for all that time, to suffer under

3  Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in

4  and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock

5  out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend

6  company meetings off the clock, to make phone calls off the clock, to drive off the clock, and/or go

7  through security screenings and/or temperature checks off the clock; failing to include all forms of

8  remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask

9  allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods

10 where overtime was worked and the additional compensation was earned for the purpose of

11 calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or

12 manipulation of time entries to the detriment of Plaintiff and Class Members.

13     42.     Accordingly, by requiring Plaintiff and Class Members to, at times, work greater

14 than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays

15 without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on

16 occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and

17 applicable IWC Wage Orders, and California law.

18     43.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have

19 been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery,

20 plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194

21 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

24     44.     Plaintiff realleges and incorporates by reference all of the allegations contained in

25 the preceding paragraphs as though fully set forth hereat.

26     45.     At all relevant times, Plaintiff and Class Members were employees or former

27 employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

28 ///

13

46.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

47.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of employee time entries; editing and/or manipulation of time entries to show less hours than actually worked; failing to pay split shift premiums; and failing to pay reporting time pay to the detriment of Plaintiff and Class Members.

48.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

49.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

50.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

51.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

14

52.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

53.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

54.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

55.     By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

56.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

57.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH CAUSE OF ACTION

**(Failure to Provide Rest Periods – Against All Defendants)**

58.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

59.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

60.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

61.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

62.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

63.     By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

/ / /

64.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

65.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

66.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

67.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

68.     Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

69.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

70.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code

1  sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff

2  and Class Members at the time of termination in accordance with Labor Code sections 201 and 202,

3  but intentionally adopted policies or practices incompatible with the requirements of Labor Code

4  sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination

5  or resignation.

6       71.       Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to

7  waiting time penalties from the date their earned and unpaid wages were due, upon termination or

8  resignation, until paid, up to a maximum of thirty (30) days.

9       72.       As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

10  suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

11  prior to termination or resignation.

12       73.       Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

13  1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

14  waiting time penalties, interest, and their costs of suit, as well.

15                          **SIXTH CAUSE OF ACTION**

16       **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

17       74.       Plaintiff realleges and incorporates by reference all of the allegations contained in

18  the preceding paragraphs as though fully set forth hereat.

19       75.       At all relevant times, Plaintiff and Class Members were employees or former

20  employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

21       76.       Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members

22  were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized

23  statement that accurately reflects, among other things, gross wages earned; total hours worked; net

24  wages earned; all applicable hourly rates in effect during the pay period and the corresponding

25  number of hours worked at each hourly rate; among other things.

26       77.       Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year

27  before the filing of the Complaint in this Action through the present, Defendants failed to comply

28  with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their

1 | failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that

2 | accurately reflect, among other things, gross wages earned; total hours worked; net wages earned;

3 | all applicable hourly rates in effect during the pay period and the corresponding number of hours

4 | worked at each hourly rate; among other things.

5 | 78.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate

6 | wage statements was knowing, intentional, and willful.  Defendants had the ability to provide

7 | Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully

8 | provided wage statements that Defendants knew were not accurate.

9 | 79.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

10 | suffered injury.  The absence of accurate information on Class Members' wage statements at times

11 | has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and

12 | mathematical computations to determine the amount of wages owed; causes difficulty and expense

13 | in attempting to reconstruct time and pay records; and led to submission of inaccurate information

14 | about wages and amounts deducted from wages to state and federal governmental agencies, among

15 | other things.

16 | 80.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members

17 | are entitled to recover $50 for the initial pay period during the period in which violation of Labor

18 | Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent

19 | pay period, not to exceed an aggregate $4,000.00 per employee.

20 | 81.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil

21 | Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to

22 | recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable

23 | attorneys' fees, and costs of suit.

24 | <center>**SEVENTH CAUSE OF ACTION**</center>

25 | <center>**(Failure to Timely Pay Wages During Employment – Against All Defendants)**</center>

26 | 82.     Plaintiff realleges each and every allegation set forth in the preceding paragraphs and

27 | incorporate each by reference as though fully set forth hereat.

28 | / / /

<center>19</center>
<center>CLASS ACTION COMPLAINT</center>

83.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

84.     Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

85.     Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

86.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

87.     Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

88.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

/ / /

/ / /

1

## EIGHTH CAUSE OF ACTION

2

### (Violation of Labor Code § 2802 – Against All Defendants)

3      89.      Plaintiff realleges and incorporates by reference all of the allegations contained in

4  the preceding paragraphs as though fully set forth hereat.

5      90.      At all relevant times, Plaintiff and Class Members were employees or former

6  employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

7      91.      Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

8  his or her employee for all necessary expenditures or losses incurred by the employee in direct

9  consequence of the discharge of his or her duties . . ."

10     92.      For three (3) years prior to the filing of the Complaint in this Action through the

11  present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times,

12  necessary expenditures or losses in direct consequence of the discharge of their duties or at the

13  obedience to the directions of Defendants that included, without limitation: purchasing and/or

14  providing unreturned deposits for mandatory work uniforms; laundering mandatory work uniforms;

15  mileage and/or gas costs incurred in driving personal vehicles for work-related purposes; using

16  cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

17     93.      During that time period, Plaintiff is informed and believes, and based thereon alleges

18  that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand

19  Class Members for those losses and/or expenditures.

20     94.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

21  suffered damages in an amount subject to proof, to the extent they were not reimbursed for the

22  herein-described losses and/or expenditures.

23     95.      Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

24  1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

25  reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and

26  costs of suit.

27  / / /

28  / / /

1

## NINTH CAUSE OF ACTION

2

### (Violation of Labor Code § 404 – Against All Defendants)

3    96.    Plaintiff realleges and incorporates by reference all of the allegations contained in

4   the preceding paragraphs as though fully set forth herein.

5    97.    At all relevant times, Plaintiff and Class Members were employees or former

6   employees of Defendants covered by Labor Code sections 400 through 410.

7    98.    Pursuant to Labor Code section 404, Defendants were required to immediately return

8   amounts deposited for uniforms with accrued interest when Plaintiff and Class Members returned

9   the required uniforms to Defendants.

10    99.    Plaintiff is informed and believes, and based thereon alleges that for three (3) years

11   prior to the filing of this Action through the present, due to policies and practices adopted by

12   Defendants, Defendants violated Labor Code section 404 by failing to, at times, immediately return

13   accrued interest on deposits made by Plaintiff and Class Members upon their returning their

14   uniforms to Defendants.

15    100.    As a result of Defendants' conduct, Plaintiff and Class Members have suffered

16   damages in an amount subject to proof, to the extent they were not compensated for accrued interest

17   on amounts deposited for mandatory uniforms upon returning their uniforms to Defendants.

18    101.    Pursuant to Labor Code sections 218, 218.5, and 404, Plaintiff and Class Members

19   are entitled to recover their unpaid accrued interest on uniform deposits, reasonable attorney's fees

20   and costs of suit.

21

## TENTH CAUSE OF ACTION

22

### (Violation of Labor Code § 227.3 – Against All Defendants

23    102.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in

24   the preceding paragraphs of this Complaint as though fully set forth hereon.

25    103.    According to Labor Code section 227.3, whenever a contract of employment or

26   employer policy provides for paid vacations, and an employee is terminated without having taken

27   off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in

28   accordance with such contract of employment or employer policy respecting eligibility or time

22

1  served.

2  104.    Plaintiff is informed and believes, and based thereon alleges that, at all times relevant

3  hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and

4  that Plaintiff's employment contract with Defendants included paid vacations.

5  105.    For at least four (4) years prior to the filing of this action and continuing to the

6  present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

7  employees or former employees within the State of California with compensation at their final rate

8  of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

9  106.    As a proximate result of Defendants' failure to pay vested vacation at the final rate

10  of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor

11  Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at

12  their final rate of pay, as set out in Defendants' policy or the contract of employment between

13  Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

14  107.    As a further proximate result of Defendants' above-described acts and/or omissions,

15  Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and

16  prejudgment interest.

17  **ELEVENTH CAUSE OF ACTION**

18  **(Unfair Competition – Against All Defendants)**

19  108.    Plaintiff realleges and incorporates by reference all of the allegations contained in

20  the preceding paragraphs as though fully set forth hereat.

21  109.    Plaintiff is informed and believes and based thereon alleges that the unlawful conduct

22  of Defendants alleged herein constitutes unfair competition within the meaning of Business and

23  Professions Code section 17200. Plaintiff is further informed and believes and based thereon alleges

24  that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at

25  least four (4) years prior to the filing of this action and continuing to the present, Defendants have

26  had a consistent policy of failing to provide Plaintiff and similarly situated employees or former

27  employees within the State of California with the rights provided to them under the Healthy

28  Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.* Due to their

23

CLASS ACTION COMPLAINT

1 | unlawful business practices in violation of the Labor Code, Defendants have gained a competitive

2 | advantage over other comparable companies doing business in the State of California that comply

3 | with their obligations to compensate employees in accordance with the Labor Code.

4 | 110.　　As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class

5 | Members have suffered injury in fact and lost money or property.

6 | 111.　　Pursuant to Business and Professions Code section 17203, Plaintiff and Class

7 | Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor

8 | Code and requiring the establishment of appropriate and effective means to prevent further

9 | violations, as well as restitution of all wages and other monies owed to them under the Labor Code,

10 | including interest thereon, in which they had a property interest and which Defendants nevertheless

11 | failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed

12 | to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched

13 | by their failure to comply with the Labor Code.

14 | 112.　　Plaintiff and Class Members are entitled to costs of suit under Code of Civil

15 | Procedure section 1032 and interest under Civil Code section 3287.

16 | **DEMAND FOR JURY TRIAL**

17 | 113.　　Plaintiff demands a trial by jury on all causes of action contained herein.

18 | **PRAYER**

19 | WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

20 | against Defendants as follows:

21 | A.　　An order certifying this case as a Class Action;

22 | B.　　An Order appointing Plaintiff as Class representative and appointing Plaintiff's

23 | counsel as class counsel;

24 | C.　　Damages for all wages earned and owed, including minimum and overtime wages

25 | and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1,

26 | 1194, 1197 and 1199 and 227.3;

27 | D.　　Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

28 | E.　　Damages for unpaid premium wages from missed meal and rest periods under,

24

CLASS ACTION COMPLAINT

1    among other Labor Code sections, 512, 558.1 and 226.7;

2   F.   Penalties for inaccurate wage statements under Labor Code sections 226,

3    subdivision (e) and 558.1;

4   G.   Waiting time penalties under Labor Code sections 203 and 558.1;

5   H.   Penalties to timely pay wages under Labor Code section 210;

6   I.   Damages under Labor Code sections 2802 and 558.1;

7   J.   Damages under Labor Code section 404;

8   K.   Preliminary and permanent injunctions prohibiting Defendants from further

9    violating the California Labor Code and requiring the establishment of appropriate

10    and effective means to prevent future violations;

11   L.   Restitution of wages and benefits due which were acquired by means of any unfair

12    business practice, according to proof;

13   M.   Prejudgment and post-judgment interest at the maximum rate allowed by law;

14   N.   For attorneys' fees in prosecuting this action;

15   O.   For costs of suit incurred herein; and

16   P.   For such other and further relief as the Court deems just and proper.

18  Dated: August 2, 2023      BIBIYAN LAW GROUP, P.C.

20     BY: /s/ Henry Glitz
21     DAVID D. BIBIYAN
      JEFFREY D. KLEIN
22     HENRY GLITZ
      Attorneys for Plaintiff YESICA BECERRA
23     ZAMORA, on behalf of herself and all others similarly situated

25

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

**BIBIYAN LAW GROUP, P.C.** David D. Bibiyan (Cal. Bar No. 287811)
8484 Wilshire Blvd , Suite 500, Beverly Hills, California 90211

TELEPHONE NO.: 310-438-5555   FAX NO. *(Optional):* 310-300-1705
E-MAIL ADDRESS: david@tomorrowlaw.com
ATTORNEY FOR *(Name):* Plaintiff: YESICA BECERRA ZAMORA

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
08/02/2023 at 04:18:20 PM
By: Darmekia Oliver,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 2233 Shoreline Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Alameda, 94501
BRANCH NAME: George E. McDonald Hall of Justice

CASE NAME:
ZAMORA v. GRUMA CORPORATION, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | 23CV039868 |

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 2, 2023

Henry Glitz                                                                    /s/ Henry Glitz
_____(TYPE OR PRINT NAME)_____                              _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED** Superior Court of California County of Alameda 08/02/2023 Chad Fike , Executive Officer /Clerk of the Court By: _Daime Fke O.L_ Deputy D. Oliver |
| PLAINTIFF: Yesica Becerra Zamora | |
| DEFENDANT: GRUMA CORPORATION., a Nevada corporation et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 23CV039868 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| Date: 11/30/2023 | Time: 8:30 AM | Dept.: 23 |
|---|---|---|
| Location: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer,** in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>08/02/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _D. Oliver_ Deputy<br>D. Oliver |
| PLAINTIFF/PETITIONER:<br>Yesica Becerra Zamora | |
| DEFENDANT/RESPONDENT:<br>GRUMA CORPORATION., a Nevada corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV039868 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

David D. Bibiyan
Bibiyan Law Group, P.C.
8484 Wilshire Boulevard Suite 500
Beverly Hills, CA 90211

Henry Glitz
Bibiyan Law Group
8484 Wilshire Blvd., Suite 500
Beverly Hills, CA 90211

Jeffrey D. Klein
Bibiyan Law Group, P.C.
8484 Wilshire Blvd. Suite 500
Beverly Hills, CA 90211

Chad Finke, Executive Officer / Clerk of the Court

Dated: 08/04/2023                    By:

_Damefue Oh_

D. Oliver, Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

08/02/2023

Chad Finke, Executive Officer / Clerk of the Court

By: _Danette Ol_ Deputy

D. Oliver

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
Yesica Becerra Zamora

DEFENDANT:
GRUMA CORPORATION., a Nevada corporation et al

## NOTICE OF COMPLEX DETERMINATION HEARING

CASE NUMBER:
23CV039868

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all parties omitted from this notice or brought into the action after this notice was mailed.

Your Complex Determination Hearing has been scheduled on:

| | |
|---|---|
| Date: 09/01/2023    Time: 9:30 AM    Dept.: 23 | |
| Location:  Rene C. Davidson Courthouse | |
| Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Determination Hearing.

The judge may place a tentative ruling in your case's on-line register of actions before the hearing. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative rulings at https://eportal.alameda.courts.ca.gov.

## NOTICE OF COMPLEX DETERMINATION HEARING

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse, Department 23

## JUDICIAL OFFICER: HONORABLE BRAD SELIGMAN

Courtroom Clerk: Arlyss Hewitt                                            CSR: None

---

**23CV039868**                                                    September 1, 2023
                                                                           9:30 AM
**BECERRA ZAMORA**
  **vs**
**GRUMA CORPORATION., A NEVADA CORPORATION, et
al.**

---

### MINUTES

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

The Complex Determination Hearing scheduled for 09/01/2023 is continued to 11/14/2023 at
03:00 PM in Department 23 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By:       A. Hewitt, Deputy Clerk
                        Minutes of: 09/01/2023
                        Entered on: 09/01/2023

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

| | |
|---|---|
| Yesica Becerra Zamora<br>　　　　　　Plaintiff/Petitioner(s)<br>vs.<br>GRUMA CORPORATION., a<br>Nevada corporation et al<br>　　　　　　Defendant/Respondent(s) | No.　　　23CV039868<br><br>Date:　　09/01/2023<br>Time:　　9:30 AM<br>Dept:　　23<br>Judge:　　Brad Seligman<br><br>ORDER re: Complex Determination<br>Hearing |

The Complex Determination Hearing scheduled for 09/01/2023 is continued to 11/14/2023 at 03:00 PM in Department 23 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 09/01/2023

Brad Seligman / Judge