CDF LABOR LAW LLP
   Dan M. Forman, State Bar No. 155811
   dforman@cdflaborlaw.com
   Wanja S. Guy, State Bar No. 275734
   wguy@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone: (213) 612-6300

Attorneys for Defendant
GRUMA CORPORATION dba MISSION FOODS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESICA BECERRA ZAMORA, an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>GRUMA CORPORATION., a Nevada corporation; ESTEPHANIE PERALES, an individual; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 3:23-cv-05256-LB<br><br>(Removed from Alameda County Superior Court, Case No. 23CV039868)<br><br>**DEFENDANT GRUMA CORPORATION'S RESPONSE TO PLAINTIFF YESICA BECERRA ZAMORA'S EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**<br><br>[Filed concurrently herewith Defendant's Opposition to Motion to Remand]<br><br>Date:   December 21, 2023<br>Time:  9:30 a.m.<br>Ctrm:  B, 15th Floor |

Defendant GRUMA CORPORATION ("Defendant") submits its response to Plaintiff YESICA BECERRA ZAMORA's ("Plaintiff") Evidentiary Objections To Evidence Submitted In Support of Defendant's Notice of Removal as follows:

| Plaintiff's Objections: | Defendant's Response: | Court's Ruling: |
|---|---|---|
| 1. Declaration of Horacio Gaitan ["Gaitan Decl."], ¶ 5: "As a part of my job responsibilities, I am familiar with the business records maintained by Gruma in the normal course of business with regard to human resources matters, including names, home addresses, dates of employment, employment history, timekeeping records, and compensation of Gruma's non-exempt employees and reports related to the same (Gruma's Business Records"), including Yesica Becerra Zamora."<br><br>**Grounds for Objection**:<br><br>1. Lacks foundation;<br>2. Devoid of required preliminary facts/improper factual conclusion;<br>3. Speculation; and<br>4. Lacks personal knowledge. | Horacio Gaitan is the Vice President of Human Resources for Gruma and he testified based on his personal knowledge to his familiarity with Gruma's human resources business records, not speculation. Dkt #1-2, ¶¶ 2 & 5.. "[D]eclarants' upper-level management positions and their statements that they have personal knowledge of…facts provide sufficient foundation." *Castaic Lake Water Agency v. Whittaker Corp.*, 272 F.Supp.2d 1053, 1083 n. 36 (C.D. Cal. 2003). "It is also permissible to infer from a declarant's position with a company or business that he has personal knowledge of the contents of the company's business records." *Id*. at 1201 n.5. | Sustained: _____<br><br>Overruled: _____ |
| 2. Gaitan Decl., ¶ 5(c): "Based on my review of Ms. Zamora's personnel file, on December 20, 2016, Ms. Zamora signed a written agreement specifying that any disputes arising between herself and Gruma must be resolved by final and | Mr. Gaitan is the Vice President of Human Resources for Gruma and his testimony is based on his personal knowledge and his review of Ms. Zamora's personnel file, not speculation. Dkt #1-2, ¶¶ 2 & 5.<br><br>The Arbitration Agreement is (i) an admission of Plaintiff under FRE 801(d)(2), and (ii) is introduced as a record of a regularly conducted activity | Sustained: _____<br><br>Overruled: _____ |

| Plaintiff's Objections: | Defendant's Response: | Court's Ruling: |
|---|---|---|
| binding arbitration. A true and correct copy of the operative Arbitration Agreement Ms. Zamora signed in 2016, which is maintained in Ms. Zamora's personnel file, is attached hereto as Exhibit A."<br><br>**Grounds for Objection**:<br><br>1. Lacks foundation;<br>2. Devoid of required preliminary facts/improper factual conclusion;<br>3. Speculation;<br>4. Lacks personal knowledge; and<br>5. Improper legal opinion. | pursuant to FRE 803(6). The Declaration of Mr. Gaitan, signed under penalty of perjury of the United States of America, is based on his personal knowledge and provides the foundation to establish that Ms. Becerra signed the agreement, that it was made at or near the time that it was dated and signed by her and that it was maintained in the course of Gruma's regular business activities. Dkt #1-2, ¶ 5.<br><br>Plaintiff ignores applicable law. "In order to authenticate a potential piece of evidence, Federal Rule of Evidence 901(a) requires the proponent to 'produce evidence sufficient to support a finding that the item is what the proponent claims it is.' The authentication requirement may be satisfied by the testimony of a witness with knowledge that an item is what it is claimed to be. A person who has knowledge of a record system may authenticate a particular record from the system as evidence." *Izett v. Crown Asset Mgmt., LLC*, 2019 U.S. Dist. LEXIS 170548, at *7-8 (N.D. Cal. Oct. 1, 2019), citing FRE 901(a) and (b)(1). Additionally, an item can be authenticated by "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." FRE 901(b)(4). | |
| 3. Gaitan Decl., ¶ 6(a): "As of October 10, 2023, Defendant employed 2,334 non-exempt employees in California. During the period of August 2, 2019 to October 10, 2023, Gruma employed approximately 3,856 non-exempt employees in California who are no longer employed by Gruma. Thus, since August 2, 2019 to August 2, 2023, Gruma employed approximately 6,190 nonexempt employees, current and former, in California. For the period | Mr. Gaitan is the Vice President of Human Resources for Gruma and his testimony is based on his personal knowledge and his review of the records of 2,334 non-exempt employees of Defendant in California between approximately August 2, 2019 to October 10, 2023, not speculation. *Id*. at ¶¶ 2, 5-6. This type of evidence is routinely accepted as competent proof of the amount in controversy. See *Thompson*, 2022 WL 5241838, at *2–3 (citing *Ibarra*, 775 F.3d at 1197 (quoting *Singer*, 116 F.3d at 377) ("[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."). | Sustained: _____<br><br>Overruled: _____ |

| Plaintiff's Objections: | Defendant's Response: | Court's Ruling: |
|---|---|---|
| August 2, 2019 to August 2, 2023, Gruma's records and reports show that Gruma's employees worked an approximate aggregate of 2,071,966 shifts—approximately 45% of which were shifts of more than eight hours and approximately 96% of which were shifts of more than eight hours and approximately 96% of which were shifts more than three-and-a-half hours. During that time period, Gruma's records and reports show that the same group of employees worked during more than 208 weekly pay periods. The records and reports show that the average regular rate of pay among this same group of non-exempt employees during the same time period was approximately $19.97."<br><br>**Grounds for Objection**:<br><br>1. Lacks foundation;<br>2. Devoid of required preliminary facts/improper factual conclusion;<br>3. Speculation; and<br>4. Lacks personal knowledge. | | |
| 4. Gaitan Decl., ¶ 6(b):<br><br>The number of non-exempt employees during each weekly pay period from August 2, 2019 to October 10, 2023 ranges from an approximate low of 2,100 to an approximate high of 2,400." | Mr. Gaitan is the Vice President of Human Resources for Gruma and his testimony is based on his personal knowledge and his review of the records of non-exempt employees of Defendant in California between approximately August 2, 2019 to October 10, 2023, not speculation. *Id.* at ¶¶ 2, 5-6. This type of evidence is routinely accepted as competent proof of the amount in controversy. See *Thompson*, 2022 WL 5241838, at *2–3 (citing *Ibarra*, 775 F.3d at 1197 (quoting *Singer*, 116 F.3d at | Sustained: \_\_\_\_\_<br><br>Overruled: \_\_\_\_\_ |

| Plaintiff's Objections: | Defendant's Response: | Court's Ruling: |
|---|---|---|
| **Grounds for Objection**:<br><br>1. Lacks foundation;<br>2. Devoid of required preliminary facts/improper factual conclusion;<br>3. Speculation; and<br>4. Lacks personal knowledge. | 377) ("[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."). | |

Dated: November 27, 2023            CDF LABOR LAW LLP
                                     Wanja S. Guy


                                     By: /s/ Dan M. Forman
                                              Dan M. Forman
                                     Attorneys for Defendant
                                     GRUMA CORPORATION

CDF Labor Law LLP

2300347.1

5    RESPONSE TO PLT'S OBJ TO EVIDENCE ISO
     DEF'S NOTICE OF REMOVAL
     CASE NO.: 3:23-cv-05256-LB